ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| NEW YORK STATE PUBLIC SERVICE COMMISSION,<br>*Petitioner*,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br>*Respondent*. | CASE NOS. 20-1218 (LEAD), 20-1224, 20-1490, AND 21-1045 (CONSOLIDATED) |

**CONSENT MOTION TO GOVERN FUTURE PROCEEDINGS**

Pursuant to Fed. R. App. P. 27, and in response to this Court's order dated February 17, 2021 ("February 17 Order"), the New York State Public Service Commission ("New York"), petitioner in Nos. 20-1218, 20-1490, and 21-1045, and Natural Resources Defense Council, petitioner in No. 20-1224 (collectively, "Movants"), request that the Court issue an order extending the period during which these consolidated proceedings are held in abeyance.[1] Specifically, Movants request that the proceeding remain in abeyance until September 1, 2021. The Federal Energy Regulatory Commission ("Commission" or "FERC") consents to this extension of the abeyance.

---

[1] The February 17 Order directed that these cases be held in abeyance until April 26, 2021, and directed the parties to file a motion to govern proceedings by that date.

1

As explained below, the additional time is needed to allow for the Commission to consider the results of a technical conference and comment period that have a direct bearing on the administrative determinations at issue in this proceeding. The parties will file, jointly or individually, motions to govern further proceedings within seven days after September 1, 2021.

In support of this request, Movants state:

The consolidated petitions initiating these proceedings seek review of three orders issued by the Commission in FERC Docket Nos. EL16-92 and ER17-996:

(1) *New York State Public Service Commission v. New York Independent System Operator, Inc.*, 170 FERC ¶ 61,120 (2020) ("February 20 Order");

(2) Order Granting Rehearings for Further Consideration, Docket Nos. EL16-92-003, ER17-996-002 (not consolidated) (Apr. 20, 2020), eLibrary Accession No. 20200420-3031; and

(3) *New York State Public Service Commission v. New York Independent System Operator, Inc.*, 173 FERC ¶ 61,022 (2020) ("October 7 Order").

Among other things, the February 20 Order initiated a "paper hearing" to evaluate whether the New York Independent System Operator's ("NYISO") buyer-side

2

mitigation regimen should be applied to resources receiving revenues from certain retail-level demand response programs.

In the October 7 Order, the Commission: (1) addressed on the merits the arguments raised on rehearing of the February 20 Order; (2) accepted NYISO's filing in compliance with the February 20 Order; and (3) issued an initial determination on the paper hearing record.

On November 5, 2020, New York timely sought rehearing of the portions of the October 7 Order concerning the paper hearing.[2] On December 7, 2020, New York sought review in this Court of the portions of the October 7 Order in which the Commission addressed requests for rehearing of the February 20 Order.[3]

Also on December 7, 2020, the Commission issued a Notice denying rehearing by operation of law, but stating that requests for rehearing of the

---

[2] Req. for Reh'g of New York et al., Docket Nos. EL16-92, ER17-996 (not consolidated) (Nov. 5, 2020), eLibrary Accession No. 20201105-5180. In addition, on November 6, 2020, Consolidated Edison Company of New York, Inc. and Orange and Rockland Utilities, Inc. jointly filed a request for rehearing of the October 7 Order. Req. for Reh'g of Consolidated Edison Company of New York, Inc. and Orange and Rockland Utilities, Inc., Docket Nos. EL16-92, EL16-92-004 (Nov. 6, 2020), eLibrary Accession No. 20201106-5160.

[3] That petition for review was docketed as Case No. 20-1490 and was consolidated with the proceedings in Nos. 20-1218 and 20-1224 on December 17, 2020. Order, Case No. 20-1218 (D.C. Cir. Dec. 17, 2020), Doc. No. 1876123.

3

October 7 Order would be "addressed in a future order to be issued consistent with the requirements of [16 U.S.C. § 825l(a)]."[4]

On February 1, 2020, New York filed a petition for review of the paper hearing portion of the October 7 Order.[5]

On February 4, 2020, Petitioners sought and were granted an abeyance from the Court until April 27, 2021, so that the Commission could issue an order addressing the arguments raised in New York's request for rehearing of the October 7 Order.

On February 18, 2021, the Commission issued an Order Addressing Arguments Raised on Rehearing, and Setting Aside Prior Order, in Part regarding the paper hearing at issue in Docket Nos. EL16-92-005 and ER17-996-004 ("February 2021 Order"), in which the Commission reversed its determination in the paper hearing to apply the buyer-side mitigation regimen to certain retail-level

---

[4] *Notice of Den. of Reh'gs By Operation of Law And Providing For Further Consideration*, 173 FERC ¶ 62,125 (2020) ("December 7 Notice").

[5] That petition for review was docketed as Case No. 21-1045, and was consolidated with the consolidated proceedings in Case Nos. 20-1218, 20-1224, and 20-1490 on February 4, 2021. Order, Case No. 20-1218 (D.C. Cir. Feb. 4, 2021), Doc. No. 1883746.

demand response programs.[6] The order left in place the remaining findings of the February 2020 Order.[7]

On March 23, 2021, the Commission convened the first in a series of technical conferences to discuss the role of the capacity market constructs in the eastern Regional Transmission Organizations, including NYISO; the conferences include discussion of whether the Commission should continue to require the application of the buyer-side mitigation policies at issue in this appeal.[8] The Commission has invited post-technical conference written comments to be submitted by April 26, 2021.[9] Of note, the Commission specifically identified the docket number of the underlying administrative proceeding at issue in this appeal, No. EL 16-92-004, as a topic for consideration in discussion and comments.[10] The Commission will be studying evidence collected at the March 23 and future technical conferences and via written comments to evaluate if any adjustments are

---

[6] *Order Addressing Arguments Raised on Rehearing, and Setting Aside Prior Order, In Part*, 174 FERC ¶ 61,110 (2021).
[7] *Id.*
[8] FERC, Suppl. Notice of Tech. Conference on Resource Adequacy in the Evolving Electricity Sector, at 1, Docket No. AD21-10 (Mar. 9, 2021); FERC, Notice Inviting Post-Tech. Conference Comments, at 1, Docket No. AD21-10 (Apr. 5, 2021); FERC, Technical Video Conference Tr., at 7:5–7 (Mar. 23, 2021), https://ferc.gov/sites/default/files/2021-04/AD21-10-000-TC-Transcript.pdf.
[9] FERC, Notice Inviting Post-Tech. Conference Comments, at 1, Docket No. AD21-10 (Apr. 5, 2021).
[10] FERC, Suppl. Notice of Tech. Conference on Resource Adequacy in the Evolving Electricity Sector, at 1, Docket No. AD21-10 (Mar. 9, 2021).

warranted to the Commission's administrative determinations regarding the buyer-side mitigation policies at issue in this appeal.

Since there is a distinct possibility that the underlying administrative determinations at issue in this appeal may be adjusted, it is appropriate, with a view to the conservation of judicial resources, to continue to hold this appeal in abeyance.[11]

Within seven days following the completion of the abeyance period, the parties will, individually or collectively, make filings with the Court to govern future proceedings.

The Commission's obligation to file the certified index to the record should be suspended during the additional abeyance period.

WHEREFORE, in the circumstances presented here, the Court should grant the requested relief.

Dated: April 26, 2021.                    Respectfully submitted,

//

CONTINUED FOR SIGNATURES

---

[11] *See Sheet Metal Workers' Intern. Ass'n v. United Transp. Union*, 767 F.Supp.2d 161, 177–178 (D.D.C. 2011) (*citing Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979)); *Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489 (D.D.C. 1994).

ORAL ARGUMENT NOT YET SCHEDULED

/s/ Scott H. Strauss
Scott H. Strauss
Peter J. Hopkins
Jeffrey A. Schwarz
Amber L. Martin Stone
SPIEGEL & MCDIARMID LLP
1875 Eye Street NW
Suite 700
Washington, DC 20006
scott.strauss@spiegelmcd.com
peter.hopkins@spiegelmcd.com
jeffrey.schwarz@spiegelmcd.com
amber.martin@spiegelmcd.com

/s/ John J. Sipos
John J. Sipos
Deputy General Counsel
Alina Buccella
Assistant Counsel
NEW YORK STATE PUBLIC SERVICE
   COMMISSION
3 Empire State Plaza
Albany, NY 12223-1359
john.sipos@dps.ny.gov

*Attorneys for New York State Public Service Commission*

/s/ John N. Moore
John N. Moore
NATURAL RESOURCES DEFENSE
   COUNCIL
20 North Wacker Street
Suite 1600
Chicago, IL 60201
jmoore@nrdc.org

/s/ Christopher Casey
Christopher Casey
Cullen Howe
NATURAL RESOURCES DEFENSE
   COUNCIL
40 W 20th Street
New York, NY 10011
ccasey@nrdc.org
chowe@nrdc.org

/s/ Devin McDougall
Devin McDougall
Staff Attorney
EARTHJUSTICE
1617 John F. Kennedy Blvd.,
Suite 1130
Philadelphia, PA 19103
dmcdougall@earthjustice.org

/s/ Danielle Fidler
Danielle Fidler
Staff Attorney
EARTHJUSTICE
1001 G Street NW,
Suite 1000
Washington, DC 20001
dfidler@earthjustice.org

*Attorneys for Natural Resources Defense Council*

## CERTIFICATE OF COMPLIANCE

Counsel hereby certifies, in accordance with Federal Rules of Appellate Procedure 32(g), that this filing contains 1,159 words, as counted by counsel's word processing system.

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 using size 14 Times New Roman font.

Dated: April 26, 2021.

*/s/ Danielle Fidler*
Danielle Fidler
Earthjustice
1001 G Street, NW
Suite 1000
Washington, DC 20001
(202) 667-4500
dfidler@earthjustice.org

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 26th day of April, 2021, caused the foregoing document to be served electronically through the Court's CM/ECF system.

*/s/ Danielle Fidler*
Danielle Fidler
Earthjustice
1001 G Street, NW
Suite 1000
Washington, DC 20001
(202) 667-4500
dfidler@earthjustice.org